

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

May 15, 1963

Honorable Ben Atwell, Chairman
Revenue and Taxation Committee
House of Representatives
Austin, Texas

Dear Mr. Atwell:

Opinion No. C-76

Re: Exemption from fran-
chise tax of non-
profit corporations
under submitted facts.

Your letter requesting the opinion of this office on the above captioned matter reads as follows:

"Article 12.03, Taxation-General, V.A.T.S., exempts certain corporations from the payment of the franchise tax. A question has been raised as to whether non-profit corporations without capital stock whose charters contain the following purpose clause, would be exempt under this provision:

"'This corporation is formed for the organization of a Chamber of Commerce, with power to provide and maintain suitable rooms for the conduct of its business, and to establish and maintain uniformity in the commercial usages of cities and towns, to acquire, preserve and disseminate valuable business information, and to adopt rules and regulations to promote the interest of trade and increase the facilities of commercial transactions. The primary purpose of said corporation being to develop the manufacturing industry in Texas and in aid of cities and towns of Texas in the establishment of manufacturing in Texas.'

"Such corporations operate on a state-wide basis and have as one of their principal purposes the encouraging and attracting of new industry to the state, and aiding in the expansion of existing industry.

"Attorney General's Opinions WW-106 and 0-7240, in my opinion, are not controlling on this question,

-370-

since they pertain to a regional and a county chamber of commerce and not to an organization state-wide in scope.

"An opinion from your office answering this question would be appreciated."

Article 12.03, Chapter 12, Title 122A, 20A, Taxation-General, Vernon's Annotated Texas Statutes, reads as follows:

"The franchise tax imposed by this Chapter shall not apply to any insurance company, surety, guaranty or fidelity company, transportation company or sleeping, palace car and dining car company now required to pay an annual tax measured by their gross receipts, or to any corporation organized as a railway terminal corporation and having no annual net income from the business done by it, or to corporations having no capital stock and organized for the exclusive purpose of promoting the public interest of any county, city, or town, or other area within the state or to corporations organized for the purpose of religious worship or for providing places of burial not for private profit, or to corporations organized for the purpose of holding agricultural fairs and encouraging agricultural pursuits, or for strictly educational purposes, or for purely public charity, or to state-chartered building and loan associations; or to any 'mutual investment company registered under the Federal Investment Company Act of 1940, as from time to time amended, which holds stocks, bonds or other securities of other companies solely for mutual investment purposes, or for nonprofit corporations having no capital stock organized for the purpose of the education of the public in the protection and conservation of fish, game and other wildlife, grasslands and forests, or to nonprofit water supply or sewer service corporations organized on behalf of cities or towns pursuant to Acts of 1933, 43rd Legislature, 1st Called Session, Chapter 76, as amended.'"

In order to be entitled to exemption, the corporation must come within the provisions for ". . . corporations having

no capital stock and organized for the exclusive purpose of promoting the public interest of any county, city, or town, or other area within the state. . ." since it is well settled that Article 12.01 levies a franchise tax on corporations without capital stock as well as corporations with stock. McCallum v. Associated Retail Credit Men of Austin, 41 S.W.2d 45 (Comm.App. 1931).

Prior to 1957, the exemption under this provision of the statute was limited to corporations organized for the exclusive purpose of promoting the public interest "of any city or town." Under that language, the Attorney General's Office had held that chambers of commerce of cities and towns were exempt but that county or regional chambers of commerce were not exempt. Att'y. Gen. Ops. O-7240 (1946), WW-106 (1957). In 1957 this provision of the statute was amended to read "any county, city, or town, or other area within the State," and these opinions are now obsolete. However, your opinion request raises the question, among others, of whether a state-wide organization can qualify for exemption. We are of the opinion that the phrase "other area within the State" includes the entire State as well as lesser regions and that a corporation is not precluded from exemption because its activities are state-wide.

It is also our opinion that there is nothing else in the purpose clause set forth in your request which, on its face, would prevent exemption. Although the charter recites that the corporation is formed for the organization of a chamber of commerce, the further recitations show that the corporation is not intended to operate as do usual chambers of commerce, which function not primarily to promote any one industry but rather to promote the general interests of the public in the areas which they serve. However, a purpose of a more specialized nature is sufficient so long as it is exclusively in the public interest. The promotion of the industrial development of an area is in the public interest.

Within the orbit of the purpose clause under consideration, a corporation could carry on some activities designed primarily to benefit the private interests of those engaged in the industry rather than the interests of the public at large without exceeding its charter powers. We do not think it is necessary that the corporate charter be so worded that any function not designed primarily for the promotion of the

public interest would be in violation of its charter provisions, but in order for the corporation to be exempt from the franchise tax it is essential that the functions actually performed can be confined to those which have as their purpose the promotion of the public interest. McCallum v. Associated Retail Credit Men of Austin, supra.

On the basis of the charter provision alone, it is not possible to state whether a particular corporation would qualify for the exemption, as complete information on all activities actually carried on by the corporation would have to be known in order to determine whether it was exempt. Therefore, we can answer your inquiry only by a general statement of the principles which we think to be controlling and cannot state categorically whether a corporation having this purpose clause in its charter would or would not be exempt from the franchise tax.

In connection with your opinion request, a corporation whose charter contains the purpose clause quoted in your request has submitted a brief which, among other things, describes various activities of the corporation to distinguish it from a trade association organized primarily for the benefit of its members. We are not informed whether this corporation carries on any other activities, and in the absence of complete information we are not in a position to express an opinion as to whether this particular corporation qualifies for the exemption.

## S U M M A R Y

The development of industry is in the public interest; and a nonprofit corporation having no capital stock, whose charter states that its primary purpose is to develop the manufacturing industry in Texas and in aid of cities and towns in Texas in the establishment of manufacturing in Texas, is exempt from franchise tax under the provisions of Article 12.03, Tax.-Gen., V.A.T.S., if all of its activities are "for the exclusive purpose of promoting the public interest." It is not exempt if any of its activities are primarily for the promotion of private interests.

Honorable Ben Atwell, page 5 (C-76)

                                Yours very truly,

                                WAGGONER CARR
                                Attorney General of Texas


                                By _Marietta McGregor Payne_
                                Marietta McGregor Payne
                                Assistant Attorney General


                                _Mary K. Wall_
                                Mary K. Wall
                                Assistant Attorney General

MMP:MKW:da

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Gordon Appleman
Paul Robertson
J. Arthur Sandlin

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone